UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 MAY 14  P 3: 40

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| MANUEL REZENDEZ, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-10071-JLT |
| | ) | |
| F/V LEGACY and | ) | |
| PYRITE INTERNATIONAL, INC. | ) | |
| Defendants. | ) | |

## DEFENDANTS F/V LEGACY AND PYRITE INTERNATIONAL, INC.'S ANSWER TO THE PLAINTIFF'S COMPLAINT

### FIRST DEFENSE

By way of affirmative defense the defendants state that the plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The defendants respond to the allegations contained in the plaintiff's Complaint paragraph by paragraph as follows.

### THE PARTIES

1.    The defendants have insufficient information to admit or deny the allegations contained in paragraph 1 of the plaintiff's Complaint and call upon the plaintiff to prove the same at trial.

2.    The defendants have insufficient information to admit or deny the allegations contained in paragraph 2 of the plaintiff's Complaint and call upon the plaintiff to prove the same at trial.

## FACTUAL ALLEGATIONS

3.  The defendants have insufficient information to admit or deny the allegations contained in paragraph 3 of the plaintiff's Complaint and call upon the plaintiff to prove the same at trial.

## COUNT I

4.  The defendants repeat their answers to paragraphs 1 - 3, above, and incorporate them herein by reference.

5.  The defendants deny the allegations contained in paragraph 5 of the plaintiff's Complaint and call upon the plaintiff to prove the same at trial.

6.  The defendants have insufficient information to admit or deny the allegations contained in paragraph 6 of the plaintiff's Complaint and call upon the plaintiff to prove the same at trial.

7.  This paragraph contains a statement of law to which no response is required.

## COUNT II

8.  The defendants repeat their answers to paragraphs 1 - 7, above, and incorporate them herein by reference.

9.  The defendants deny the allegations contained in paragraph 9 of the plaintiff's Complaint and call upon the plaintiff to prove the same at trial.

10.  The defendants have insufficient information to admit or deny the allegations contained in paragraph 10 of the plaintiff's Complaint and call upon the plaintiff to prove the same at trial.

11.  This paragraph contains a statement of law to which no response is required.

## COUNT III - MAINTENANCE AND CURE

12.  The defendants repeat their answers to paragraphs 1 - 11, above, and incorporate them herein by reference.

13.  The defendants have insufficient information to admit or deny the allegations contained in paragraph 13 of the plaintiff's Complaint and call upon the plaintiff to prove the same at trial.

## THIRD DEFENSE

By way of affirmative defense, the defendants state that if the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the defendants were not and are not legally responsible.

## FOURTH DEFENSE

By way of affirmative defense, the defendants state that if the defendants were negligent or its vessel unseaworthy, which it denies, then the plaintiff's injuries, if any, were contributed to by the plaintiff's own negligence to such a degree that any recovery must be reduced pro rata.

## FIFTH DEFENSE

By way of affirmative defense, the defendants state that if it is found liable to the plaintiff for any of his alleged damages, the amount of such liability is limited pursuant to the provisions of the Limitation of Liability Act, 46 U.S.C.A. §§181, et. seq.

## SIXTH DEFENSE

By way of affirmative defense, the defendants state that if the injury alleged was

3

sustained, it did not occur while the plaintiff was in the service of the vessel.

<u>SEVENTH DEFENSE</u>

By way of affirmative defense, the defendants state that the plaintiff's action is barred

by the application of the statute of limitations.

**THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL COUNTS.**

The Defendants,
F/V LEGACY and
PYRITE INTERNATIONAL, INC.,
By their attorneys:

**REGAN & KIELY LLP**

Joseph A. Regan-BBO #543504
Syd A. Saloman-BBO #645267
85 Devonshire Street
Boston, MA 02109
(617) 723-0901

DATE:

I hereby certify that a true copy of the
above document was served upon the
attorney of record for each party via first
class mail on    5-13-04

REGAN & KIELY LLP

ATTORNEYS AT LAW

85 DEVONSHIRE STREET

BOSTON, MASSACHUSETTS 02109

JOSEPH A. REGAN
ROBERT E. KIELY
SYD A. SALOMAN

CHRISTOPHER S. HAYES (1965-1995)

TELEPHONE (617) 723-0901
FAX (617) 723-0977

FILED
IN CLERKS OFFICE

2004 MAY 14 P 3:40

U.S. DISTRICT COURT
DISTRICT OF MASS.

May 13, 2004

Civil Clerk
United States District Court
1 Courthouse Way
Boston, MA 02210

Re:    Manuel Rezendez v. F/V LEGACY and Pyrite International, Inc.
       Civil Action No. 04-10071-JLT
       <u>Our File No. M1528</u>

Dear Sir/Madam:

    Enclosed please find for filing Defendants F/V LEGACY and Pyrite International, Inc.'s Answer to the Plaintiff's Complaint.

    Thank you for your assistance in this matter.

                              Very truly yours,

                              **REGAN & KIELY LLP**

                              Syd A. Saloman

SAS/cb

Enclosure

cc:    David Kaplan, Esquire